## Commonwealth ex rel. v. Flannery, Appellant.

*Corporations—Elections—Cumulative voting.*

The right to cumulate votes at an election for directors exists in the case of a corporation chartered by a decree of the court prior to the adoption of the constitution of 1874, and of a class described as the first class in the corporation act of April 29, 1874, and which, after the adoption of the constitution, procured amendments of its charter under the act of April 29, 1874, by a decree of the court.

Argued March 25, 1902. Appeal, No. 7, Jan. T., 1902, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1901, No. 2682, on a special verdict in case of Commonwealth ex rel. Jere O'Shea et al. v. Thomas J. Flannery et al. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Quo warranto to try the right to the office of directors of the Catholic Philopatrian Literary Institute, incorporated June 3, 1867.

The special verdict was as follows :

" The jury summoned and sworn to try the issue in the above do find the following facts :

" That at the election of the Catholic Philopatrian Literary Institute, held May 9, 1901, the respondents in the above received respectively the following vote : David J. Ryan, 221 votes ; Chris J. Wogan, 218 votes ; Thomas J. Flannery, 218 votes ; Henry D. Dagit, 213 votes, and that the relators received respectively the following votes : Jere O'Shea, 282 votes ; Ignatius J. Horstman, 272 votes ; John E. Mulherin, 282 votes ; Walter E. Devlin, 265 votes.

" That of the said votes cast for the said relators there were cast for them on the cumulative plan as follows : Jere O'Shea, 138 votes ; Ignatius J. Horstman, 134 votes ; John E. Mulherin, 125 votes ; Walter E. Devlin, 129 votes.

" The jury finds as above stated, subject to the judgment of the court upon the question as to whether or not the said votes cast cumulatively for the relators should be counted."

Willson, J., filed the following opinion on motion for judgment :

This action arose out of an effort on the part of certain members of the Catholic Philopatrian Literary Institute to cast cumulative votes at an election for directors of the corporation held May 9, 1901.

The special verdict which was rendered on the trial and the issue raised in quo warranto proceedings, subject to the judgment of the court upon the facts found therein, sets out the number of votes cast for the respective candidates, cumulatively and otherwise.

It is not necessary to go into further particulars regarding the verdict than to say that it sets forth such a state of facts that if the votes cast cumulatively are to be counted the relators should be declared to have been elected. If these votes were not properly cast the respondents, who were declared elected at the meeting, have a good title to the offices. This is admitted to be the whole point in controversy, and it would be a waste of time to delay getting at the question.

The corporation known as the Catholic Philopatrian Literary Institute was created by decree of court in the year 1870. In 1892 a petition of the corporation was presented to the court upon which its charter was amended in two respects, first, by changing the date of the election of directors from September to May in each year, and second, by the insertion of a provision to enable the corporation to mortgage its property by vote of two thirds of the members present at a meeting called for that purpose.

There can be no question that the corporation is one of a class described as the first class in the corporation act of 1874, though the body came into existence as already stated in 1867 —before either that statute or the constitution of 1874 had been in existence. It seems to have been the purpose of the constitution to give, so far as possible, the right of minority representation by the exercise of the cumulative voting privilege in the case of all corporations. The second section of the sixteenth article is as follows: " The general assembly shall not remit the forfeiture of the charter of any corporation now existing, or alter or amend the same, or pass any other general or special law for the benefit of such corporation, except upon the condition that such corporation shall thereafter hold its charter subject to the provisions of this constitution."

The fourth section of the same article reads thus: " In all elections for directors or managers of a corporation each member or shareholder can cast the whole number of his votes for one candidate or distribute them upon two or more candidates as he may prefer."

This general provision, however, has been held not to cover the case of a private corporation which came into life before the making of the constitution, unless the corporation shall have taken the benefit of some legislation under the new con-

stitution and thereby become subject to its provisions : Hays et al. v. The Commonwealth ex rel. McCutcheon, 82 Pa. 518. See also Williamsport Passenger Railway Company's Appeal, 120 Pa. 1.

In Baker's Appeal, 109 Pa. 461, it was ruled that the members of a corporation of the second class, namely, the Academy of Music, were not entitled to vote cumulatively in the absence of an acceptance by vote of the stockholders of the provisions of the new constitution. The decision in that case is in strict harmony with those previously cited, for the reason that the Academy of Music had neither amended its charter nor taken any benefit under that constitution.

Still another case seems to indicate that there has been a reluctance on the part of our courts to attach the right of cumulative voting to private corporations which had acquired their franchises prior to 1874. We refer to Commonwealth ex rel. Fernberger v. Butterworth, 160 Pa. 55. The old charter involved in that case prohibited the election of salaried officers as directors of the company. In 1891, however, a general statute was passed which authorized such an election, and the company acted under it and elected officers who received a salary, to be directors. This was held by our own court as well as by the Supreme Court in a per curiam opinion not to have the effect of conferring on the directors of the corporation the right to vote cumulatively. Whether or not an old corporation can by implication, without an express acceptance of the present constitution be subjected to its provisions is a question which must be regarded as still open. So far as corporations of the second class are concerned there is an enactment that their charters cannot be amended unless they shall accept the constitution : Act of June 13, 1883, P. L. 122.

No such express requirement seems to have been imposed upon corporations of the first class, notwithstanding the method of amending their charters as provided for in the act of 1874, and in its supplement of 1876. It is necessary, therefore, for us to pass upon the question whether in the absence of any such statute a corporation like that created prior to 1874 became subject to the constitutional provisions as to cumulative voting by amending its charter in the method prescribed by the law after 1874. Some light may be regarded as thrown

upon this question by the decision of the Supreme Court in the Commonwealth v. Yetter et al., 190 Pa. 488. The corporation therein concerned was a state normal school, and the act under which it was incorporated was passed in 1857, but the incorporation did not take place until 1893. It was ruled in effect that the constitution of 1874 applied to the case because it was the organic law when the corporate body came into existence.

In the case in hand the amendments which have hereinbefore been recited were made under a petition addressed to the court by the corporation asking that those amendments should be allowed under the act of 1874, and by the decree of the court allowing them it was ordered that " they shall be deemed and taken to the part of the charter of the Catholic Philopatrian Literary Institute." It thus appears that under the statute which provided as the act of 1874 did for cumulative voting for directors and like officers, the amendments were made and became a part of the charter. It must be noted that this was done after the constitution of 1874 came into existence, at least a portion of the present charter, therefore, became such under the existing constitution. To that extent at least the franchise of the corporation would be subject to the organic law, but we think that in the disposition of the question like that before us, the charter cannot be split into parts so that the constitution would be applicable to one portion and not to another. For any such purpose as the present case demands it seems to us that the amendment of the charter in 1892 must be regarded to have been a renewal of the entire charter as of the date of the amendment, or, to put the matter in another form, as subjecting the corporation to the provisions of the constitution because it asked for and obtained new franchises subsequent to the time when that instrument went into effect. We regard this conclusion as inevitable in view of the premises before stated. Under such a state of facts the formal acceptance of the constitution by an older corporation is not necessary. By obtaining new franchises it became ipso facto subject to the fundamental law which existed at the time they were created. By doing what was done in this case the corporation acquired a benefit under the new constitution, and it must therefore bear the burden of a regulation which, though out of

harmony with the uniform practice of the corporation until the present year, is not in conflict with any express franchise originally conferred. It follows that a new trial must be refused and that judgment must be entered in favor of the relators on the special verdict.

*Error assigned* was in entering judgment for relators.

*Joseph P. McCullen*, with him *James E. Dwyer* and *John A. Ward*, for appellants.—The charters of private corporations created prior to the adoption of the present constitution were left exactly as the new constitution found them, and so must remain until the corporation shall accept the provisions of the present constitution: Hays et al. v. Com. ex rel. McCutcheon, 82 Pa. 518; Williamsport Pass. Ry. Co.'s Appeal, 120 Pa. 1.

*J. Washington Logue*, with him *Edward B. Seiberlich*, for appellee, cited: Duncan v. Penna. R. R. Co., 111 Pa. 352; McAboy's App., 107 Pa. 548; P. & R. R. R. Co. v. Patent, 17 W. N. C. 198; Monongahela Navigation Co. v. Coon, 6 Pa. 379; Com. v. Cullen, 13 Pa. 132; Baker v. Pepper, 14 W. N. C. 560; Baker's App., 109 Pa. 461; Mutual Fire Ins. Co. v. Stokes, 9 Phila. 80; Com. v. Central Pass. Ry. Co., 52 Pa. 506; Com. v. Yetter, 190 Pa. 488.

PER CURIAM, May 19, 1902:

The decree in this case is affirmed on the opinion of Judge WILLSON.