KERN v. WELZ & ZERWECK.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. MASTER AND SERVANT (§ 264*)—INJURY TO SERVANT—PLEADING AND PROOF.
   Where the complaint of the driver of a brewery wagon, in an action against his master for injuries, charged that he slipped on the wet floor of the room for washing out empty kegs, and fell into "a large hole located alongside of a drain in the floor" of the room, which defendant had failed to repair, while the proof was that the only hole in the floor was the drain itself, which had been placed there to carry off the water, and failed to suggest any defect or any repair which should have been made, the variance was fatal.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

2. MASTER AND SERVANT (§ 107*)—INJURY TO EMPLOYÉ—"WAY."
   The floor of a brewery room used for washing empty beer kegs, with its sink hole, was not a "way" within the meaning of Labor Law (Consol. Laws 1909, c. 31) § 202, formerly Employer's Liability Act (Laws 1902,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

c. 600) § 3, providing that an employer is liable for injury to an employé caused by "any defect in the condition of the ways, works or machinery" due to negligence chargeable to the employer; "ways" having reference to passageways between the machines, vats, etc., or between different departments, and not to a proper and adequate part of the works adapted to a particular purpose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420–7421.]

3. MASTER AND SERVANT (§ 107*)—INJURY TO EMPLOYÉ—"WORKS."

The word "works," as used in such statute, comprehends the entire plant, including all the real estate, buildings, and machinery used in the particular business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 8, pp. 7524–7525.]

4. MASTER AND SERVANT (§ 107*)—INJURY TO EMPLOYÉ—"DEFECT."

A sink hole in the floor of the brewery room used for washing empty beer kegs, being a proper part of the works and not a way, was not a "defect" within the meaning of such statute, and hence there could be no liability under the statute for injury to a brewery teamster, who, while incidentally in the washroom on his employer's business, slipped into the sink hole.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*

For other definitions, see Words and Phrases, vol. 2, pp. 1931–1933.]

5. MASTER AND SERVANT (§ 217*)—INJURY TO EMPLOYÉ—ASSUMPTION OF RISK —EVIDENCE—VERDICT.

Where, in a brewery teamster's action for injury from slipping into a sink hole in the brewery washroom while he was in the room on his employer's business, the evidence showed him to be a man of average intelligence who had been going in and out of the room for two years, and who knew the purposes to which it was devoted and of the existence of the sink hole, a verdict against the brewing company should have been set aside; this evidence conclusively showing the plaintiff to have assumed the risk of danger from the sink hole.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

6. MASTER AND SERVANT (§ 97*)—INJURY TO EMPLOYÉ—LIABILITY OF MASTER.

The master is not liable for failure to anticipate an accident which a reasonably prudent man, looking to the situation before the accident, would not have anticipated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

Appeal from Trial Term, Kings County.

Action by Jacob Kern against Welz & Zerweck. From judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edward J. Redington, of New York City, for appellant.
Ralph G. Barclay, of Brooklyn, for respondent.

WOODWARD, J. The plaintiff on the 24th day of November, 1909, was employed by the defendant, a brewing company, as a driver

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a team engaged in the delivery of beer. He had been employed in a like capacity for a term of about two years, and under identically the same conditions, so far as we are able to discover. Upon the defendant's premises was a separate room or building known as the washroom. This room was used primarily for washing the empty beer kegs returned from customers, and the floor of this room appears to have been of asphalt, though the plaintiff refers to it as being of cement, and we gather from the evidence that the washing out of the beer kegs resulted in the water flowing over this floor and out through a hole in the same about two feet square, leading to a drain underneath the floor. In one corner of this room, and opposite the main door, was a slightly raised platform of several planks, and above this was a blackboard, on which the various drivers wrote out the orders for beer which they had received from the customers for the subsequent deliveries. Near this blackboard was a tap or faucet, from which the drivers and other employés drew what beer they desired to drink while on duty. Just outside of this washroom the drivers loaded and unloaded their wagons. On the day above mentioned the plaintiff brought in a load of empty kegs, and entered this washroom for the purpose of placing his orders upon the blackboard, and in passing from the door to the platform under the blackboard he slipped upon the wet floor, his foot passed into the drain hole in the floor, and he sustained injuries for which the jury has awarded a verdict of $1,000. The case was submitted to the jury on the theory that it was an action coming within the Employer's Liability Act, and the learned trial court has refused to set aside the verdict as being against the weight of evidence. The defendant appeals from the judgment, and from the order denying a new trial.

This judgment ought not to stand for several reasons, one of them being that the cause of action pleaded has not been proved. The complaint alleges that "while plaintiff was in the performance of his duties as said employé of said defendant, and while he was passing through the brewery aforesaid, exercising all due care and prudence, owing to the carelessness and negligence of said defendant in allowing the floor of said brewery to be and remain in a slippery condition, and the failure of the said defendant to repair a large hole located alongside of a drain in the floor of said brewery, plaintiff slipped and fell into the said hole, and sustained severe injuries to his head, body, and limbs," etc. Upon the trial the plaintiff testified in detail as to the construction of the washroom and its arrangement, and it appeared that there was no "large hole located alongside of a drain in the floor of said brewery" which had not been repaired. On the contrary, it appeared that the floor was constructed for the very purpose of being flooded in the washing of the beer kegs, and that the floor slightly sloped toward a drainage basin or hole, and no one suggests the slightest defect, or any repair which might have been made. Indeed, it is practically conceded on the part of the respondent that this room was adapted to the purposes of a washroom, and that the men engaged in the washing of the barrels

might be properly deemed to have accepted the risks of the situation, but it is urged that the driver of a delivery wagon, who was called upon to enter this room and to pass near this drainage hole, was entitled to a different construction, though just what it should have been is not suggested, nor is there any evidence that any other brewer had ever made any special provision for those incidentally in the washroom. Upon cross-examination the plaintiff admitted that he claimed that he slipped into the drain, as distinguished from a hole alongside of such drain, which had not been repaired, and defendant's counsel moved to strike out the testimony as not in accordance with the pleadings.

[1] This motion was denied, and an exception taken, and, while this is not urged directly upon this appeal, it is a circumstance which may fairly be considered, for it is still the law that the plaintiff must recover, if at all, upon the issues which he has tendered.

[2] The whole groundwork of the plaintiff's case rests upon the theory that this washroom, concededly without defect for the main purposes of its construction and maintenance, was defective as to this driver of a delivery wagon; that it was a "way" within the meaning of the Employer's Liability Act for this driver to get to the blackboard; and that as to him the master owed a duty which required him to repair this drainage hole and the floor system of the room. This is certainly a refinement of the law which will, if adopted, open the way to abuses which could not have been contemplated by the Legislature, and we do not believe that it can be sustained upon any correct rule of reasoning. It is not, however, necessary to determine this question here, for the plaintiff's pleadings do not attempt to assert that he was limited in his occupation to that of a mere driver. He alleges generally that he was in the employ of the defendant, and that he was "in the performance of his duties as said employé of said defendant, and, while he was passing through the brewery aforesaid," he received his injuries. His testimony shows that he was in this washroom in the performance of his duties, and it is shown by the evidence that he had been in this washroom in the performance of similar duties for a period of two years, but there is not the slightest evidence that the defendant had any knowledge of any alleged defect in this so-called way, or that the plaintiff or any one else had ever suggested in any manner that there was any danger to be apprehended from the use of this drain in the performance of the ordinary work of washing out beer kegs or in going to this blackboard twice a day. Section 202 of the Labor Law (Consol. Laws 1909, c. 31), formerly the Employer's Liability Act (Laws 1902, c. 600, § 3), provides that:

"An employé, or his legal representative, shall not be entitled under this article to any right of compensation or remedy against the employer in any case where such employé knew of the defect or negligence which caused the injury and failed, within a reasonable time, to give, or cause to be given, information thereof to the employer, or to some person superior to himself in the service of the employer who had intrusted to him some general superintendence, unless it shall appear on the trial that such defect or negligence was known to such employer, or superior person, prior to such injuries to the employé."

No evidence appeared upon the trial to indicate that the defendant knew of any alleged "defect or negligence." The plaintiff does not claim to have ever notified the defendant or any "superior person," or any person, of any alleged "defect or negligence," though he had been employed in the same kind of work and had been at the blackboard at least twice in each day, and had been in the room for the purpose of drinking beer from the tap several times each day, for a period of two years more or less, and was entirely familiar with all of the details of the room and the work which was performed therein.

But beyond this the floor and drain arrangements of this washroom were not a "way" within the meaning of the statute. It was merely a place provided for the plaintiff to perform certain incidental services in connection with other employés who were engaged in washing out the beer kegs, and the place being constructed and equipped in a manner concededly well adapted to its main purpose, and not exposing the plaintiff to any undisclosed dangers in the performance of his incidental duties within the room, it is idle to contend that there was any liability on the part of the defendant. Webster defines "way" as "that by, upon, or along, which one passes or progresses; opportunity or room to pass; place of passing; passage; road, street, track, or path of any kind; as, they built a way to the mine," and it is a word of much more limited extent than that of "works" used in the same statute, and which includes the entire plant, lands, buildings, machinery, etc. People v. Haight, 54 Hun, 8, 7 N. Y. Supp. 89; South St. Joseph Land Co. v. Pitt, 114 Mo. 135, 21 S. W. 449. In Caldwell v. Mills, 14 Can. L. T. 171, it was held that a plank was a "way" within the meaning of the Workman's Compensation for Injuries Act (Revised Statutes of Ontario, c. 141, § 3, subsec. 1), and a similar doctrine was held in U. S. Rolling Stock Co. v. Weir, 96 Ala. 396, 11 South. 436. Applying the maxim of noscitur a sociis, the meaning of the words, and consequently the intention of the Legislature, may be ascertained by reference to the context, and by considering whether the words in question and the surrounding words are in fact ejusdem generis and referable to the same subject-matter. Broom's Legal Maxims (8th Ed.) 588. The language of the statute is that an employé, in the exercise of due care, who is injured "by reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition," shall have the benefits of the statute upon complying with its conditions.

[3] "Works" comprehending the entire plant—all of the real estate, buildings, and machinery used in the particular business—while "way" only embraces roads, paths, planks, or other passageways, it must be entirely obvious that this floor of the washroom, with its sink hole, was in no proper sense a "way."

[4] It was a part of the "works," and as a part of the works— as a means to the end in view in the construction and equipment of a

washroom—it is conceded that it had no defects. Not being defective as a part of the "works," it cannot be transformed into a "way" for the sake of bringing it within the language of the statute, for it has none of the elements of a way any more than any other room. The plain and obvious intent of the Legislature was to impose the higher duty upon persons or corporations conducting manufacturing enterprises, and the use of the word "ways" had reference to the passageways between machines, vats, etc., or between different departments, and was never intended to make that which was a proper and adequate part of the works, adapted to a particular purpose, a "way" for one who was incidentally called upon to enter a particular apartment. So it was held in Willetts v. Watt, 2 Q. B. 92, where a workman was injured by falling into a catchpit in the floor of a workshop, which was generally kept covered, but the cover of which was off at the time of the accident, for a temporary purpose, that there could not be said to be a defect in the condition of the way. Here the plaintiff was not compelled to go near the drainage hole. He could approach the platform under the blackboard from several points without doing so, and the idea of a way is that it is a limited path between two points, where the servant is called upon, practically by necessity, to pass in the performance of his duty. Giving to each word in a statute its proper and legitimate scope, and giving to each word some force, it is obvious that the word "way" is one of limited scope, and is intended to apply where it might be fairly held that there was no defect in the "works" or "machinery" as a whole, such as a defect in a passageway between the machines, or between dangerous vats, or over open spaces, as upon a plank.

If we are right in this position, it follows that the action did not come within the letter or the spirit of the Employer's Liability Act, and it was error, therefore, to submit the question to the jury, for the learned trial court admits in a memorandum that the alleged defect was open and obvious, and that at common law the plaintiff would not be entitled to recover.

[5] If we should hold, however, that it was an action within the statute, we are still of the opinion that the judgment should be reversed as being against the weight of evidence. Here was a man of full age, of a fair degree of intelligence, who had been going in and out of this room for a period of two years, knowing fully the purposes to which it was devoted, and to say that there could be any question about his knowing and appreciating any dangers which might attend the situation is absurd. There were no conditions which were not as open and as obvious to him as they could have been to the defendant and while it is undoubtedly the duty of the court, under the statute, to submit the question of acceptance of the risk to the jury, it owes a duty of setting aside a verdict where it is not supported by evidence. The real truth is that the situation did not suggest to any one that it was dangerous. The room had been prepared for certain work, and it was well-adapted to that work, and there was no reason to apprehend the accident which actually happened.

[6] It did not occur to the plaintiff, although he knew all about the

situation that the defendant could have known by the most rigid inspection, and the master is not liable because he has failed to anticipate an accident which reasonably prudent men, looking to the situation before the accident, would not have anticipated.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

CARR and RICH, JJ., concur. THOMAS, J., concurs upon the ground that the place of accident was properly maintained for the purposes of its use; JENKS, P. J., not voting.