## Meadville Theological School, Appellant, v. Hempstead.

*Corporations—Directors—Sale of real estate—Act of April 29, 1874, P. L. 73.*

1. If a corporation, chartered prior to the time the Constitution of 1873 went into effect, applies for and obtains a benefit after that date, it must bear the burden of a legislative regulation not in conflict with any express franchise then existing.

2. Under section 5 of the Act of April 29, 1874, P. L. 73, 77, a majority of the whole number of directors or trustees of a corporation, organized under or subject to the provisions of that statute, is necessary for the transaction of its business.

3. An agreement to sell the real estate of a corporation, which is subject to the provisions of the Constitution of 1873, is unenforceable unless the sale was authorized by a majority of its board of directors or trustees.

Argued May 9, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 224, Jan. T., 1927, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1926, No. 78, for defendant on petition for declaratory judgment as to sale of real estate, in case of Meadville Theological School v. E. A. Hempstead. Affirmed.

Petition for declaratory judgment as to sale of real estate. Before PRATHER, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Walter J. McClintock,* with him *Charles H. Strong,* of the New York bar, and *John O. McClintock,* for appellants, cited: Hays v. Com., 82 Pa. 518; Bank of Penna.

v. Com., 19 Pa. 144; Ogden v. Saunders, 12 Wheat. 213;
Lehigh Water Co. v. Easton, 121 U. S. 388; Pinney v.
Nelson, 183 U. S. 144; Blackstone v. Miller, 188 U. S.
189; Curry v. Cemetery Assn., 5 Pa. Superior Ct. 289.

*Frank J. Thomas,* with him *Paul E. Thomas,* of
*Thomas & Thomas,* for appellee, cited: Hays v. Com.
ex rel. McCutcheon, 82 Pa. 518; Williamsport P. Ry.
v. Williamsport, 120 Pa. 1; Dunmore Boro. v. Ry., 34
Pa. Superior Ct. 294; Com. v. Flannery, 203 Pa. 28;
Curry v. Cemetery Assn., 5 Pa. Superior Ct. 289.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

Plaintiff appeals from a declaratory judgment, de-
terming that defendant was not required to take title to
and pay for certain real estate, which he had agreed
with plaintiff's executive committee to purchase from
plaintiff, since the only authority to make the sale was a
resolution of its board of trustees, adopted at a meeting
attended by but five members, which was less than a
majority thereof.

Plaintiff is an eleemosynary corporation, governed by
a board of thirty trustees. It was chartered by the
special Act of April 7, 1846, P. L. 497, section 7 of which
provides that "ten trustees shall constitute a quorum to
transact all business relative to the said institution."
By section 2 of the amendatory Act of February 24,
1847, P. L. 148, this number was reduced to five. In
1897, acting under section 42 of the Act of April 29,
1874, P. L. 73, 106, plaintiff applied for, and the court
of common pleas decreed, an amendment to the charter,
which expressly struck therefrom the whole of the Act
of 1847, without declaring that anything should be sub-
stituted for it. This, of course, included section 2, which
provided that five should constitute a quorum of the
board of trustees. The petition and decree also struck
out certain sections of the Act of 1846, among them the
one making ten trustees a quorum of the board, and

substituted in lieu thereof, inter alia, a provision making five trustees a quorum. Our question therefore is, had the court power to so provide?

By applying for the amendment after the Constitution of 1873 went into effect, plaintiff acquired a benefit under that instrument, and, by article XVI, section 2 thereof, became subject to its provisions, and liable to regulation by legislation passed pursuant thereto, at least insofar as such regulation did not conflict with any express franchise given by the special incorporating acts, and which remained undisturbed after the amendment was made: Com. ex rel. v. Flannery, 203 Pa. 28. Turning then to the Act of 1874, to which plaintiff thus became subject, we find that, by section 5 thereof (P. L. 77), it is expressly provided that "a majority of the whole number of such directors or trustees shall be necessary to constitute a quorum."

Appellant urges, however, that this section only relates to corporations whose by-laws, and not their charters, fix the number of their directors or trustees, because, in cases where they are fixed by the charter, no change can validly be made except by the court under section 42 of the statute. It is true that, in such cases, the change must be approved by a decree of the court, but this alone is insufficient to limit the scope of section 5. It expressly provides that "The business of every corporation created hereunder [that is, under the Act of 1874], or accepting the same [as we have shown plaintiff did], shall be managed and conducted by a president, a board of directors or trustees, . . . . . . [that] the directors or trustees shall be chosen annually by the stockholders or members, . . . . . . shall not be less than three . . . . . . [but] the members of said corporation may, at a meeting to be called for the purpose, determine, fix or change the number of directors or trustees that shall thereafter govern its affairs; and a majority of the whole number of such directors or trustees shall be necessary to constitute a quorum." Throughout the sec-

tion the reference is to "every corporation" created under or accepting the provisions of the Act of 1874, which necessarily includes plaintiff. Nowhere is there a reference to corporations created and still governed by special statutes; and, if the provisions quoted do not refer to "every corporation," then all others than those suggested by plaintiff are free of any regulation on the subjects specified in the above quotation. It does not seem possible that the legislature could have so intended, and hence we can only conclude that the section should be construed as being general in its scope throughout; that the provision as to changing the number of directors or trustees applies only to corporate action on the subject, leaving the approval thereof, if needed, to be obtained under section 42; and that a majority must constitute a quorum whenever the corporation is chartered under or has become bound by this provision of the Act of 1874, as appellant has. We decide, therefore, that the amendment making five trustees a quorum is in violation of the express provisions of that act, and defendant was justified in refusing to comply with the terms of a sale not authorized by a majority of the board of trustees.

The declaratory judgment of the court below is affirmed.