## Curwood v. Curwood

*George L. Fenner, Jr.*, for plaintiffs.
*Thomas C. Moore*, for defendants.

LEWIS, J., November 12, 1964.—This matter comes befors the court upon defendants' preliminary objections in the nature of a motion to strike and a demurrer to the complaint commencing an action in quo warranto.

The essential facts are as follows: Plaintiffs are shareholders of the Shickshinny Water Company, a Pennsylvania public utility corporation. The regular annual meeting of the shareholders was duly called and convened on February 11, 1964. It was decided, by the shareholders present and entitled to vote thereon, that five directors of the corporation to serve for the calendar year of 1964 were to be elected at the meeting. At the time of the meeting, plaintiff, Della I. Curwood, was the record owner of 1,208 shares of the 3,693 outstanding shares of the voting common stock of the corporation. Plaintiff, George L. Fenner, Sr., owned 100 shares of the same class of stock.

Each of the individual defendants owned the following number of shares: Delmar Sharretts, 464; William B. Curwood, 732; Mary Curwood, 595; Sam Ross, 379; and Elizabeth Ross, 100. The complaint alleges that the above-named individual defendants had served as either officers and/or directors of defendant corporation for the calendar year of 1963.

At the election of the directors for the ensuing year, plaintiffs sought to vote their shares cumulatively. The judge of the election ruled that the only mode of voting to be recognized was unit voting. Plaintiffs protested that a denial of their right to vote cumulatively rendered the election of directors void. Paragraph 24 of

the complaint alleges that plaintiffs refused to vote their shares by unit voting, and did not participate in the election. Had they voted their shares by the unit voting procedure, instead of refusing to vote, they could not have elected a director, because they had far too few votes.

The prayer in their complaint against the individual defendants and the corporate defendants is that the directors be ousted from office and that the election be declared a nullity. Defendants have filed certain preliminary objections to the complaint.

### Motion to Strike Complaint

Defendants have filed two objections in this connection. The first objection attacks the complaint on the ground that there has been a misjoinder of parties. It is clear to us that this objection is well taken. The Shickshinny Water Company should not have been joined as a party defendant.

An action in quo warranto is a civil action designed to inquire by what authority a person claims office. The action is clearly available to a shareholder of a corporation to investigate the election of an officer of a corporation: Jenkins v. Baxter, 160 Pa. 199 (1894); Commonwealth ex rel. v. Stevenson, 200 Pa. 509 (1901); Moosic Lakes Club v. Gorski, 402 Pa. 640 (1961). In Commonwealth ex rel. Morris v. Stevens, 168 Pa. 582 (1895), it was held that an action in quo warranto provided the means whereby a shareholder could insure the proper voting of his shares, and to have the affairs of the corporation committed to the charge of the officers or directors legally elected. The purpose of such an action is to force the officers or directors of a corporation to answer by what right, warrant or franchise they claim to act. An order may result in the ouster or dismissal of such an officer or director: Commonwealth ex rel. Margiotti v. Union Traction Company of Philadelphia, 327 Pa. 497 (1937).

The particular issue at controversy in an action in quo warranto is the right by which an individual occupies an office. All else is irrelevant. Whatever other capacity the individual may have in the corporation, as a shareholder or as another officer, is immaterial. All that is of importance is the individual's warrant to hold the office in question.

The present complaint alleges, in paragraph 12, that the individual defendants are shareholders of the corporate defendant. Paragraphs 14 and 15 allege that they served as either officers or directors of the corporate defendant for the calendar year of 1963. It is further alleged that an election of five new directors was held on February 11, 1964. There is no allegation in the complaint that the five directors so elected at the shareholders' meeting are, in fact, the individual defendants, or that the individual defendants are presently serving in the office of director of the corporation.

This pleading is in violation of Pennsylvania Rule of Civil Procedure 1019 (a). A complaint must set forth the material facts constituting the cause of action and must state them specifically: Coleman, Admr. v. Huffman, 348 Pa. 580 (1944). Material facts are those which are essential to show the liability which the pleader seeks to enforce and which sufficiently inform the adverse party of the basis of the pleaders' claim: Steele v. Glen Alden Corporation, 48 Luz. 99 (1958). This complaint is patently defective, for the reason that it commences an action in quo warranto but fails to identify the directors sought to be ousted. Furthermore, it improperly joins the corporation as a party defendant in an action which is designed only to question the right of a person to hold an office in this corporation. Defendants' first preliminary objection is sustained.

The second objection is that certain paragraphs of the complaint should be stricken as being immaterial,

irrelevant and forming no part of any cause of action.

Paragraph 22 alleges that plaintiffs base their right to vote their shares cumulatively on a designated article of the Pennsylvania Constitution. Paragraphs 25, 26 and 27 allege that previous to the instant action, plaintiffs instituted an action in equity to compel a proper election of directors, and that this action was dismissed without prejudice to another action at law to be brought by plaintiffs.

Relative to paragraph 22, it is not necessary to plead the existence of a Pennsylvania Constitutional provision or statute, if the facts averred are sufficient to bring the matter within the scope of the constitutional provision or statute: Schwab v. P. J. Oesterling & Son, Inc., 386 Pa. 388 (1956). The court may, however, treat such a citation as harmless surplusage, and we do so here.

The objectionable content of paragraphs 25, 26 and 27 is technically violative of Pa. R. C. P. 1019 (a), which requires a concise statement of the material facts and, by implication, excludes everything else. All immaterial, additional facts, however, in a complaint do not necessarily render a complaint defective. The matter contained in paragraphs 25, 26 and 27 may be treated as harmless surplusage and ignored. Defendants' second preliminary objection is dismissed.

### DEMURRER

Defendants' third preliminary objection is that the facts, as alleged in the complaint, fail to justify the requested relief, which is to declare that the election was a nullity and to oust the directors from office.

As was said relative to the first preliminary objection, this complaint seeks the ouster of directors who are not identified in the complaint. There is no allegation which would link defendants to the present occupants of the office of directors. Furthermore, there

is no satisfactory averment which would require the joinder of the corporation as a party defendant. Having failed to identify the directors which this action in quo warranto seeks to oust, plaintiffs have patently failed to plead sufficient facts to justify the relief requested.

The ultimate question of law presented by the complaint is whether or not plaintiffs had a right to vote their shares cumulatively. Plaintiffs claim that because the Shickshinny Water Company was incorporated in 1883, the right of its shareholders to vote their shares cumulatively is guaranteed by art. 16, sec. 4, of the Pennsylvania Constitution of 1874, and that this right is unaffected by the Act of May 15, 1874, P. L. 188, sec. 2, 15 PS §1302, which is supplemental to the Act of March 11, 1857, P. L. 77. There is authority to the effect that the right of cumulative voting exists in the case of a corporation chartered prior to the adoption of the Constitution of 1874, but which amended its charter after the adoption of the Constitution: Pierce v. Commonwealth, 104 Pa. 150 (1883) ; Commonwealth ex rel. v. Flannery, 203 Pa. 28 (1902).

It would seem, therefore, that there may be merit to plaintiffs' contention, for the reason that by analogy, the shareholders of a corporation chartered after the adoption of the Constitution should have the right to vote their shares cumulatively. We are bound to hold, however, that because of certain fatal defects in the complaint, this issue is not properly before the court at this time.

We hesitate to foreclose upon a possible cause of action, if the true facts arising from this matter would indicate that a cause of action exists. Therefore, if by proper allegations a cause of action can be set forth, we would not bar an amendment to the complaint.

Now, therefore, November 12, 1964, the preliminary objections in the nature of a motion to strike are sus-

tained, and the preliminary objection in the nature of a demurrer will be sustained unless plaintiff can and does file an amended complaint within 20 days of the date hereof to conform to the requirements indicated herein.